## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NO. AMT008174** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION** |
| **vs.** | ) ) ) | **CASE NO.** _____ |
| **VMA CONSTRUCTION, LLC and VENUGOPAL MARRI,** | ) ) ) | |
| **Defendants.** | ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Certain Underwriters at Lloyd's, London, subscribing to Policy No. AMT008174, by and through their attorneys Wright & O'Donnell, P.C., hereby submit this Complaint for Declaratory Relief pursuant to 28 U.S.C. § 2201, *et seq.*, and in support hereof state as follows:

### The Parties

1.      The Plaintiff, Certain Underwriters at Lloyd's, London, subscribing to Policy No. AMT008174 (hereinafter "Certain Underwriters"), is a society of members, who underwrite insurance in syndicates, organized and existing under the law of the United Kingdom, with their principal place of business located in the United Kingdom.

2.      Upon information and belief, Defendant VMA Construction, LLC (hereinafter "Defendant VMA") is a Limited Liability Corporation, organized and existing under the laws of the State of New Jersey, with a principal place of business located at 23 Golf Links Avenue, Piscataway, New Jersey 08854.

3.      Upon information and belief, Defendant Venugopal Marri (hereinafter Defendant Marri) is an individual and the principal of VMA Construction, LLC, with an address of 23 Golf Links Avenue, Piscataway, New Jersey 08854.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the dispute between the parties based on diversity of citizenship, pursuant to 28 U.S.C. § 1332 (a)(2), as Plaintiff, Certain Underwriters, is a citizen of a foreign state, the United Kingdom, and none of the Defendants are citizens of the same foreign state as Plaintiff.

5.      Plaintiff's claims against Defendants involve an amount in controversy in excess of the jurisdictional limit of $75,000.00.

6.      Venue is proper in this Court, pursuant to 28 U.S.C. § 1391 (a)(1) and (2), as the Defendants reside in the State of New Jersey and all the Defendants do business in New Jersey, and all or almost all of the events or omissions giving rise to the claims in this matter occurred within the State of New Jersey.

## FACTS

A.      **The Underlying Accident**

7.      This matter arises out of an accident which allegedly occurred on or about December 12, 2016, at 23 Golf Links Avenue, Piscataway, New Jersey 08854.

8.      Upon information and belief Lelis Yovany Hernandez was severely injured in a fall while performing carpentry work.

9.      Upon information and belief, at the time of Mr. Hernandez' injury, he was employed as a carpenter by Faud Abad.

**B.**     **Underlying Lawsuit**

10.     Since the accident and alleged injury in question, Certain Underwriters have been notified that suit was filed suit in the Superior Court of New Jersey, Law Division, Essex County against various parties, including but not limited to Venugopal Marri, styled as <u>Lelis Yovany Hernandez, Plaintiff v. VMS Constructions, LLC; Sriunivas Sunkavally, Venugopal Marri a/k/a Venu Marri, Vyoma Anne Marri and VMS Realty, Inc.; John Doe #1-10; ABC Corp #1-10, Defendants</u>, Docket No. ESX-L-4019-17. See Complaint Filed by Plaintiff Hernandez attached as Exhibit "B." (Hereafter referred to "Underlying Complaint".)

11.     In relevant part, the Underlying Complaint alleges:

FIRST COUNT

1.     On or about December 12, 2016, -plaintiff, Lelis Yovany Hernandez, was employed as a carpenter at a construction site located at 23 Golf Links Avenue, Piscataway, NJ 08854 (hereafter the site).

2.     On or about that time and. upon information and belief, Defendants (a) VMS Construction LLC, with offices at 5 Buckeye Dive, Old Bridge; New Jersey 08857, (b) Sriunivas Sunkavally, at 1003 Rivendale Way, Edison, NJ 08817; Venugopal Marti 2/k/ a Venu Marri at 23 Golf Links Road, Piscataway, New Jersey 08854; Vyoma Anne Marri at 23 Golf Links Road, Piscataway, New Jersey 08854 and (e) VMS Realty, Inc., with offices at 150 West Stare Street, Trenton, New Jersey :08608, was an owner/developer/construction manager/general contractor and responsible for all construction work being performed on said site.

3.     Upon information and belief, defendants VMS Construction, LLC, Sriunivas Sunkavally, Venugopal Marri a/k/a Venu Marri, Vyoma Anne Marri and VMS Realty, Inc., had sub-Contracted for framing work to be performed by sub-con tractors at the site, including plaintiff's ernployer, Faud Abad, located at 246 Van Buren St, Newark, New jersey 07105. . . .

6.     Defendants, and each of them, owed a duty to provide the plaintiff, Lelis Yovany Hernandez, a reasonable safe place in which to work.

7.    Defendants, and each of them, were under a duty to supervise, direct and
control the work site so as to prevent plaintiff mid other workers from being
subjected to dangerous and hazardous work conditions and to warn plaintiff and
other workers of the existence of dangerous and hazardous conditions.

8.    VMS Construction, LLC, Sriunivas Sunkavally, Venugopal Marri a/k/a
Venu Marri; Vyoma Anne Marri and VMS Realty, Inc., as the owner/developer/
construction manager/general contractor at the site, were responsible for overall
management, oversight and safety at the site. To the extent that these entities
hired subcontractors, they had a duty to hire competent subcontractors
conversant with safety management and oversight at the site.

9.    On or about December 12, 2016, plaintiff, Lelis Yovany Hernandez was
at the site and engaged in the course of his employment

10.    Defendants, and each of them, breached their duties each owed to plaintiff
and ware negligent in failing to provide the plaintiff with a reasonably safe
place in which to work and instead created and maintained a dangerous and
hazardous condition at the site. failing to provide required fall protection and
warn against hazards.

11.    As a direct and proximate-result of the negligence of the defendants as
aforesaid, Plaintiff, Leis Yovany Hernandez sustained a severe spinal injury
with extreme pain and suffering, requiting medical attention and treatment,
rendering him disabled, impaired and a paraplegic, preventing him from
engaging in his normal activities and pursuits and thereby incurring lost wages;
which injuries will in the future cause him and suffering, will require medical
attention and treatment and cause him future disability and impairment. . . .

### SECOND COUNT . . .

2.    Plaintiff, Lelis Yovany Hernandez was an employee entitled to the benefits
and protection of the regulations and standards of the Occupational Safety
and Health Administration Act which were applicable to the work being
performed on December 12, 2016.

3.    The defendants and each of them were required to comply with the
regulations and standards of the Occupational Safety and Health
Administration.

See Plaintiff's Complaint at Exhibit "B."

### C. **Certain Underwriters' Policy of Insurance**

11.     Following the submission of an application on behalf of Defendant VMA, completed by Defendant Marri, Certain Underwriters issued a Commercial General Liability Policy (hereinafter referred to as the "Policy") to "VMA Construction, LLC," with effective dates of June 28, 2016, through June 28, 2017. A true and correct copy of the Policy is attached hereto as Exhibit "A."

12.     With regard to coverages, Certain Underwriters' Policy provides as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        (1)  The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

        (2)  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**. . . .

    **b.**  This insurance applies to "bodily injury" and "property damage" only if:

    (1)      The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2)      The "bodily injury" or "property damage" occurs during the policy period; and

(CG00 01 12 04 Page 1 of 15).

13.      With regard to Exclusions, Certain Underwriters Policy further provides:

**2.  Exclusions . . .**

    **b.**      **Contractual Liability**
            "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. . . .

    **d.**      **Workers' Compensation And Similar Laws**
            Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

    **e.**      **Employer's Liability**
            "Bodily injury" to:
            **(1)** An "employee" of the insured arising out of and in the course of:
                (a)      Employment by the insured; or
                (b)      Performing duties related to the conduct of the insured's business; . . .

(CG 00 01 12 04 Page 2 of 15).

14.      When defining an Insured, Certain Underwriters' Policy states:

**SECTION II - WHO IS AN INSURED**

    **1.**      If you are designated in the Declarations as: . . .

    **c.**    A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers.

(CG 00 01 12 04 Page 8 of 15).

15.   By way of further definitions, Certain Underwriters Policy provides:

**3.**   "Bodily injury" means bodily injury, sickness or dis-
ease sustained by a person, including death result-
ing from any of these at any time.  . . .

**5.**   "Employee" includes a "leased worker". "Employee"
does not include a "temporary worker".  . . .

**10.**   "Leased workers' means a person leased to you by
a labor leasing firm under an agreement between
you and the labor leasing firm, to perform duties re-
lated to the conduct of your business. "Leased
worker" does not include a "temporary worker".

**13.**   ''Occurrence" means an accident, including contin-
uous or repeated exposure to substantially the
same general harmful conditions.

(CG 00 01 12 04, Page 12-14 of 15).

16.   With regard to further relevant language, Certain Underwriters' Policy

contains the   following exclusions, limitations and conditions:

## EXCLUSION - CLASSIFICATION LIMITATION

The following exclusion is added to COVERAGES A (Bodily Injury and Property
Damage), B (Personal and Advertising Injury), and C (Medical Payments)(Section I):

This insurance does not apply to "bodily injury", "Property damage", "advertising injury",
"personal injury" or medical payments for operations which are not classified or shown on
the Commercial General Liability Coverage Declarations, its endorsements or supplements.

(ART-GL-01 (06/11) Page 3 of 7).

## EXCLUSION - INJURY TO INDEPENDENT CONTRACTORS

"Bodily injury", "property damage", "personal and advertising injury", or any injury, loss
or damage sustained by:

a.   any contractor, self-employed contractor, subcontractor or any employee,
leased worker, temporary worker, casual labor or volunteer help of same; or

    b.    the spouse, child, parent, brother, sister, other relative or companion of any employee, leased worker, temporary worker, casual labor, or volunteer of any one listed in (a) above, as a consequence of his or her employment or activity.

(ART-GL-01 (06/11) Page 3 of 7).

**EXCLUSION – INJURY TO LEASED WORKERS AND PRACTICES RELATED TO LEASED WORKERS**

C.    The following exclusions are added to paragraph 2., Exclusion, COVERAGE A (Section 1):

    This insurance does not apply to:

o.    "Bodily injury" to:

    (1)    Any "leased worker" arising out of and in the course of performing his or her duties related to the conduct of your business;

    (2)    The spouse, child, parent, brother or sister of that "leased worker" as a consequence of (1) above.  . . .

(ART-GL-01 (06/11) Page 6 of 7).

**ORAL CONTRACTS EXCLUSION**

The Definition of "insured contract" is amended solely to apply to such contracts or agreements which existed in writing prior to an occurrence; in no event will this insurance apply to any allegation of liability assumed by the insured under an oral contract.

(TPCONT.08).

**EXCLUSION - INDEPENDENT CONTRACTORS**

It is agreed that this insurance does not apply to "bodily injury" or "property damage" arising out of:

a) the acts or omission of independent contractors while working on behalf of any insured, or

b) the negligent:
    (i)   hiring or contracting:
    (ii)  investigation:
    (iii) supervision:
    (iv) training
    (v)  retention:

of any independent contractor for whom any insured is or ever was legally responsible and whose acts of omissions would be excluded by (a) above.

The term "Independent Contractors" includes Subcontractors.

(ART 1503 (03/01)).

17.     However, the above Exclusion – Independent Contractors Endorsement is further amended as follows:

## SPECIAL CONDITIONS - INDEPENDENT CONTRACTORS

It is agreed that endorsement ART 1503 "EXCLUSION - INDEPENDENT CONTRACTORS" does not apply as respects any independent contractor who has provided, prior to entering any job site on behalf of any Insured, a Certificate of Insurance providing evidence of the following:

a)   Commercial General Liability coverage of limits equal to the lesser limits shown below or limits provided by this policy:

| Commercial General Liability | - $300,000 Each Occurrence |
| | - $300,000 General Aggregate |
| Products/Completed Operations | - $300,000 Each Occurrence |
| | - $300,000 General Aggregate |

b)  Workers Compensation as required by the state in which the job or jobs are located.

(ART 1504c (03/01)).

## COUNT I DECLARATORY RELIEF

18.     Certain Underwriters incorporate herein and by reference Paragraph 1 through 17 of this Complaint as if set forth herein and at length.

19.     In summary, the underlying Complaint filed seeks relief in the form of monetary damages for injuries allegedly sustained by Mr. Hernandez as a result of the fall that occurred on December 12, 2016.

20.     Plaintiff, Certain Underwriters, seeks a declaration that it owes no obligation to the Defendants based upon the terms, definitions, declaration, endorsements, exclusions, conditions and/or other policy language included in the Policy at issue.

21.     Under the terms, definitions, declarations, endorsements, exclusions, conditions and other policy language included in Certain Underwriters' Policy at issue, coverage is provided for a  Limited Liability Company and its members and managers, "only with respect to the conduct of their business" and  "only with respect to their duties as managers," respectively.

22.     To the extent that Defendant Marri was not conducting the business of Defendant VMA, there is no coverage for him under Underwriters' Policy.

23.     If Defendant Marri was conducting business on behalf of Defendant VMA, coverage is excluded under the terms, definitions declarations, endorsements, exclusions, conditions and other policy language included in Certain Underwriters' Policy at issue.

24.     Under the terms, definitions, declarations, endorsements, exclusions, conditions and other policy language including in Certain Underwriters' Policy at issue, coverage is excluded for injuries to independent contractors under multiple exclusions.

25.     Under the terms, definitions, declarations, endorsements, exclusions, conditions and other policy language including in Certain Underwriters' Policy at issue, it is excluded for injury to any leased workers and practices related to leased workers.

26.     Under the terms, definitions, declarations, endorsements, exclusions, conditions and other policy language including in Certain Underwriters' Policy at issue, coverage is excluded for any oral contracts.

27.     Under the terms, definitions, declarations, endorsements, exclusions, conditions and other policy language including in Certain Underwriters' Policy at issue, the Insured(s)

failed to comply with the special condition regarding independent contractors, and, as such, coverage is excluded.

WHEREFORE, Plaintiff, Certain Underwriters at Lloyd's, London, subscribing to Policy No. AMT001874, respectfully request Declaratory Relief, pursuant to applicable law, in the form of an Order declaring that:

a.  Plaintiff, Certain Underwriters at Lloyd's, London subscribing to Policy No. AMT001874 have no duty under Policy No. AMT001874 to pay Defense cost to or on behalf of Defendants VMA Construction, LLC and/or Venugopal Marri, with regard to the underlying Complaint, or any Action asserted as a result of the accident of December 12, 2016;

b.  Plaintiff, Certain Underwriters at Lloyd's, London, have no duty under Policy No. AMT001874 to indemnify Defendants VMA Construction, LLC and/or Venugopal Marri with regard to the underlying Complaint or any action asserted by any other party as a result of the accident of December 12, 2016;

c.  Plaintiff, Certain Underwriters at Lloyd's, London, have no duty under Policy No. AMT001874 to pay any monies to or on behalf of Defendants VMA Construction, LLC and/or Venugopal Marri with regard to the underlying Complaint or any action asserted by any other party as a result of the accident of December 12, 2016; and

d.  Such other further relief as deemed appropriate by the Court.


                                    _/s/ George T. McCool, Jr._
                                    Sheila E. O'Donnell
                                    George T. McCool, Jr.
                                    WRIGHT & O'DONNELL, P.C.
                                    15 E. Ridge Pike, Suite 570
                                    Conshohocken, PA  19428

Phone: (610) 940-4092
Facsimile: (610) 940-4001
E-mail: sodonnell@wright-odonnell.com
        gmccool@wright-odonnell.com
*Attorney's for Certain Underwriters at Lloyd's, London*

Date:  *August 1, 2017*