**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NO. AMT008174, | |
| Plaintiff, | Civil Action No. 17-5626 (ES) (SCM) |
| v. | MEMORANDUM |
| VMA CONSTRUCTION, LLC and VENUGOPAL MARRI, | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Certain Underwriters at Lloyd's, London, subscribing to Policy Number AMT008174 ("Lloyd's) brought this action, seeking a declaratory judgment arising out of a certain underlying personal-injury action in New Jersey state court. (*See generally* D.E. No. 1-3 (state court complaint)). The Clerk of Court entered default against both Defendants in the instant action on September 22, 2017, and pending before the Court is Lloyd's motion for default judgment. (D.E. No. 11). As for subject matter jurisdiction, Lloyd's invokes diversity jurisdiction under 28 U.S.C. § 1332(a). (D.E. No. 1 ¶ 4). Section 1332(a) provides, in relevant part, that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).

But "because subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*,

347 F.3d 72, 76-77 (3d Cir. 2003)[1]. "A necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns." *Id.*; *see also Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008) ("[I]t is indeed axiomatic that, prior to entering default judgment, the Court must ensure that it[] has proper jurisdiction over the action . . . ."). After all, "[f]ederal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'" *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (quoting *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977)).

Here, Lloyd's avers that the amount in controversy exceeds $75,000 based on the complaint from the underlying action. (*See* D.E. No. 11-2 at 2). In particular, Lloyd's cites the following paragraph in this regard:

> 11. As a direct and proximate result of the negligence of the defendants as aforesaid, plaintiff, Lelis Yovany Hernandez sustained a severe spinal injury with extreme pain and suffering, requiring medical attention and treatment, rendering him disabled, impaired and a paraplegic, preventing him from engaging in his normal activities and pursuits and thereby incurring lost wages; which injuries will in the future cause him pain and suffering, will require medical attention and treatment and cause him future disability and impairment.
>
> WHEREFORE, plaintiff demands damages jointly and severally, interest and costs of this action against all the defendants.

(*Id.*; D.E. No. 11-3 ¶ 11). "District Courts should dismiss a case for failure to meet the amount in controversy requirement only if, from that face of the complaint, it is a 'legal certainty' that the plaintiff cannot recover $75,000, or if, from the proofs, it appears to a legal certainty that the

---

[1] *See also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject matter delineations must be policed by the courts on their own initiative . . . .").

plaintiff is not entitled to that amount." *Douglas v. Joseph*, 656 F. App'x 602, 604 (3d Cir. 2016) (citing *St. Paul Mercury Indem. Co.* v. *Red Cab Co.*, 303 U.S. 283, 289 (1938)) (per curium). "In applying the 'legal certainty' test established by *St. Paul Mercury*, [the Third Circuit] has stated that 'dismissal is appropriate only if the federal court is *certain* that the jurisdictional amount cannot be met.'" *Id.* at 605 (quoting *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995)) (emphasis in original). Having given careful consideration of what Lloyd's cites to (as noted above), it is unlikely the Court can find that it is certain that the $75,000 amount-in-controversy cannot be met.

But the problem is the requirement for complete diversity of citizenship. Lloyd's avers that "the parties are citizens of a state and citizens of a foreign state" because " both Defendants are citizens of the State of New Jersey" and Lloyds "is a citizen of the United Kingdom, as it is organized under the laws of the United Kingdom and its principal place of business is located in London, England." (D.E. No. 11-2 at 2; *see also* D.E. No. 1. ¶ 4). The structure of Lloyd's, however, requires more scrutiny.

Lloyd's "is not an insurance company, but rather is an exchange or market where various individuals or groups bid on the right to insure a given risk. Lloyd's takes no part in the business of underwriting; policies are underwritten at Lloyd's and not by Lloyd's." *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 221 (3d Cir. 1999). Once individuals "have joined the market, these individuals may underwrite risks in this market. The individuals are alternatively referred to as members, underwriters, or names." *Id.* "Each name has unlimited personal liability yet only to the extent of the percentage share of the risk that he or she has assumed." *Id.* "The holders of Lloyd's policies thus enter into contractual relationships with specific names who have subscribed to the policy for the portion of the risk each name has

agreed to underwrite." *Id.* And "to increase the efficiency of underwriting risks and to combine the resources of numerous individuals, names form groups called syndicates. However, syndicates are not legal entities. Syndicates do not assume liability or underwrite risks; names do." *Id.*[2]

Notably, this "unique structure" affects the Court's jurisdictional inquiry:

> The insurance policies underwritten at Lloyd's are underwritten by Names. Names often form groups called syndicates to improve the efficiency of the underwriting process. . . . [T]here is no contractual relationship between a policyholder and a syndicate. Syndicates do not assume liability or underwrite risks; only Names do. . . . [D]iversity jurisdiction must be based on the citizenship of all the Names.

*D'Andrea Const. Co. v. Old Republic*, No. 13-0997, 2014 WL 5018885, at *4 (D.N.J. Oct. 6, 2014) (internal citations omitted). In fact, in the *D'Andrea* case, this Court adopted a Magistrate Judge's report and recommendation—which was met without objection—concluding that: "Since the within Complaint has been brought on behalf of 'Certain Underwriters at Lloyd's of London subscribing to Policy Number 576/UH7317100,' the citizenship of all the Names constituting this syndicate should be considered for purposes of complete diversity analysis." *Id.* at *5; *see also Certain Underwriters at Lloyd's, London Subscribing to Policy No. GL-2918-028 v. Wenhaven, Inc.*, No. 14-0003, 2014 WL 4627978, *4 (D.V.I. Sept. 16, 2014) ("[T]he majority of circuit courts to have considered the citizenship of subscribers to Lloyd's of London's insurance policies have found that where Lloyd's is suing in a representative capacity, rather than a specific name suing as an individual, each name must be diverse for diversity jurisdiction

---

[2] *See also Narragansett Elec. Co. v. Am. Home Assur. Co.*, No. 11-8299, 2012 WL 4075171, at *2 (S.D.N.Y. Sept. 12, 2012) ("Lloyd's of London is a British insurance market in which individual underwriters buy and sell insurance risks. These underwriters—commonly referred to as 'Names'—do not issue insurance policies. Rather, they assume risk by signing up for certain percentages of various risks across several policies. A Name may be an individual person or a corporation. Typically, Names aggregate into 'syndicates' in underwriting policies. Accordingly, a given insurance policy may be subscribed to hundreds of Names belonging to different syndicates.") (internal quotation marks, citations and alterations omitted).

to be invoked.") (collecting cases). After all, "it is *the underwriters*, not Lloyd's, who are the parties to this lawsuit." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1091 (11th Cir. 2010) (emphasis in original).

Accordingly, the Court must consider the citizenship of the Names—and whether each Name is diverse from the Defendants in this action. *See Zambelli*, 592 F.3d at 419 ("Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant. The key inquiry in establishing diversity is thus the 'citizenship' of each party to the action.") (internal citations omitted); *Osting-Schwinn*, 613 F.3d at 1088 ("The Lloyd's syndicates who are the plaintiffs in this case, classed as 'Underwriters,' fall squarely within the class of unincorporated associations for which the pleading of every member's citizenship is essential to establishing diversity jurisdiction."). But the Court is unable (at least at this time) to do what it "must": "look to the individuals being represented rather than their collective representative to determine whether diversity of citizenship exists." *Wenhaven*, 2014 WL 4627978, *2 (internal quotation marks and citations omitted). And the burden rests on Lloyd's to show complete diversity in this matter. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.36 (3d Cir. 2015) ("Of course, where the unincorporated association is the proponent of diversity jurisdiction, there is no reason to excuse it of its obligation to plead the citizenship of each of its members."); *see also McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) ("The party asserting diversity jurisdiction bears the burden of proof."). It hasn't at this time. The pending motion for default judgment must be denied *without prejudice* for lack of subject matter jurisdiction and, furthermore, this case is hereby dismissed *without prejudice*. An appropriate Order accompanies this Memorandum.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**
