Not for Publication

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NO. AMT008174<br><br>         Plaintiff,<br><br>  v.<br><br>VMA CONSTRUCTION, LLC, et al.,<br><br>         Defendants. | Civil Action No. 17-5626 (ES) (SCM)<br><br>MEMORANDUM OPINION |

**SALAS, DISTRICT JUDGE**

  This matter comes before the Court on Plaintiff's motion for reconsideration of the Court's Memorandum and Order denying Plaintiff's motion for default judgment and dismissing the action for lack of subject-matter jurisdiction. (D.E. No. 14). The Court has reviewed Plaintiff's submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b). For the reasons below, Plaintiff's motion for reconsideration is DENIED.

  *Background.* On January 5, 2018, the Court issued a Memorandum and Order denying Plaintiff's motion for default judgment and dismissing the action for lack of subject-matter jurisdiction. (D.E. Nos. 12 ("Memorandum") & 13 ("Order") (together, the "January 2018 decision")). As the Court already set forth the factual background in that Memorandum, the Court incorporates those facts here. On January 19, 2018, Plaintiff moved for reconsideration of the January 2018 decision. (D.E. No. 14 ("Motion")).

  *Legal Standard.* In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *1 (D.N.J. July 21, 2011) (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)). Reconsideration under

1

Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or to prevent manifest injustice. *Id.* A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See id.* Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See id.* "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

In considering evidence presented to support a motion for reconsideration, courts should, "[a]bsent unusual circumstances . . . reject new evidence which was not presented when the court made the contested decision." *Waller v. Foulke Mgmt. Corp.*, No. 10-6342, 2012 WL 924865, at *1 (D.N.J. Mar. 19, 2012). Rather, on such a motion, the moving party may present only evidence that it "could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010). Thus, where the moving party submits an affidavit supporting its motion for reconsideration, courts may properly disregard the affidavit where it "contain[s] evidence that was available prior to the [contested decision]." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

*Analysis.* Plaintiff does not assert an intervening change in the controlling law. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507; Motion. Plaintiff also does not contend that evidence not previously available has become available, or that reconsideration is necessary to correct a clear error of law or prevent manifest injustice. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507; Motion. Instead, Plaintiff acknowledges that the Court "based its [January 2018 decision] upon

2

facts that were applicable at previous times. . . ." (Motion at 6). Plaintiff attaches a declaration purportedly demonstrating that no member of the applicable syndicates was a New Jersey citizen, and therefore that diversity jurisdiction exists. (*See id.*; D.E. No. 14-3).

Nothing in the declaration suggests that the evidence regarding the members' citizenships was previously unavailable. (*See* D.E. No. 14-3). And again, Plaintiff does not contend so. (*See* Motion). Plaintiff, therefore, has failed to proffer any change in law, unconsidered evidence, or persuasive argument that the Court has committed a clear error of law that requires correction. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. Accordingly, the Court denies Plaintiff's Motion.

Plaintiff opines that "[w]hen there is a challenge of jurisdiction, the party asserting jurisdiction is permitted the opportunity to respond with rebuttal evidence . . .[,]" which "may include the use of a supplemental affidavit." (Motion at 6 (citations and internal quotations removed)). The Court gave Plaintiff an opportunity to respond with rebuttal evidence when the Court ordered Plaintiff to address subject-matter jurisdiction in its motion for default judgment. (*See* D.E. No. 10 at 1). And in its dismissal the Court gave Plaintiff another opportunity to respond with rebuttal evidence by granting Plaintiff 14 days to file an amended complaint establishing subject-matter jurisdiction. (*See* Order at 2). But Plaintiff chose instead to file this motion for reconsideration.

*Conclusion.* For the reasons set forth above, Plaintiff's Motion is DENIED. Plaintiff may file an amended complaint establishing subject-matter-jurisdiction as set forth in the accompanying Order.

                                                            *s/Esther Salas*
                                                            **Esther Salas, U.S.D.J.**